UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALTON DAVIS, 07-B-3703,

        Petitioner,

v.

SUPERINTENDENT, CLINTON
CORRECTIONAL FACILITY,

        Respondent.
_____

**DECISION AND ORDER**

Case No.: 10-CV-00392(A)(M)

        Petitioner Alton Davis, an inmate acting *pro se*, filed a petition under 28 U.S.C. §2254 for a writ of habeas corpus on May 11, 2010 [1].[1]  Hon. Richard J. Arcara has referred the matter to me pursuant to 28 U.S.C. §636(b)(1) for all proceedings necessary to determine the factual and legal issues presented [8 and 9].  Before me is petitioner's motion for miscellaneous relief [5].  For the following reasons, I order that petitioner's motion be denied, without prejudice.

**BACKGROUND**

        On October 22, 2007, petitioner was convicted, upon a jury verdict, in New York State Supreme Court, Erie County of assault in the second degree, rape in the first degree, robbery in the first degree and robbery in the second degree.  The claims raised in his habeas petition are difficult to discern.  It appears that petitioner seeks a writ of habeas corpus on the

---

[1] Bracketed references are to CM/ECF entries.

grounds that he did not receive effective assistance of trial counsel, that the verdict was against the weight of evidence, and that the court erred in permitting the prosecutor to elicit certain testimony on redirect examination.  Petition [1], Grounds One-Four.

The relief sought in petitioner's motion [5] is equally difficult to discern.  It consists of a handwritten cover page with a list of requests, including "bill of particulars", "dismissal of the indictment", " Huntley Hearing", "Brady Material", "Sandoval Hearing", "Ventimiglia Hearing", "CPL 240.43 Hearing", and "Wade Hearing" [5], p. 1.  Attached to the cover page of the motion are what appear to be the discovery demands made by petitioner during the trial court proceedings.  Id., pp. 2-7.

## ANALYSIS

As best I can determine, petitioners motion seeks discovery and to dismiss the indictment.

**A.	Motion for Discovery**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6 of the Rules Governing Section 2254 Cases provides in relevant part:

> "(a) Leave of Court Required.  A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .

> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission and must specify any requested documents."

"Whether a petitioner has shown 'good cause' depends on whether the petitioner has set forth specific allegations that provide 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief'." Jackson v. Goord, 2009 WL 331374, *1 (W.D.N.Y. 2009) (Bianchini, M.J.) (quoting Bracy, 520 U.S. at 908-09). "'Generalized statements about the possible existence of discovery material are insufficient to constitute 'good cause.'"" Jackson v. Conway, 2008 WL 850326, *1 (W.D.N.Y. 2008) (Bianchini, M.J.). See Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998).

Having failed to articulate any reason why the requested discovery is relevant to the claims he is pursuing in his habeas petition, petitioner has not established good cause necessary to warrant disclosure. Therefore, I deny petitioner's motion for discovery, without prejudice to renewal upon a more specific showing. See Jackson, 2009 WL 331374 at *1 ("The court may, in its discretion, deny discovery where the petitioner has provided no specific evidence that the requested discovery would support his habeas corpus petition").

**B.      Motion to Dismiss**

To the extent petitioner's motion seeks dismissal of the indictment, it is unclear how this motion relates to his habeas petition other than possibly raising an additional ground for the habeas relief, namely that the court erred in not dismissing the indictment.[2]  Notwithstanding

---

[2]   I do not construe this motion as seeking to amend the habeas petition. If that is the relief petitioner is seeking, he may file an appropriate motion.

the relevance of the motion to dismiss, petitioner has not made any arguments in support of his conclusory motion. Therefore, this motion is also denied, without prejudice.

## CONCLUSION

For these reasons, I order that petitioner's motion for miscellaneous relief [5] be denied, without prejudice.

**SO ORDERED**

DATED:     March 22, 2011

/s/ JeremiahJ. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge